# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
### CIVIL DIVISION

William R. Underwood                )
      d/b/a Konglather Music     )
           *Plaintiff,*         )
             v.             )         **16-cv-9058 (DAB)**
Lastrada Entertainment Company, LTD,  )
et al,                       )
                           )
         *Defendants*.      )
                           )
_____/

## PLAINTIFF'S REPLY MEMORANDUM OF LAW TO ALTER JUDGMENT PURSUANT TO RULE 59(e)

       Indeed, as noted by Defendants the standard for granting a motion for reconsideration is strictly construed against the moving party and will generally be denied where the moving party fails to sustain its burden of pointing to "controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Sacchi v. Verizon Online LLC*, 2015 WL 172796, at *1 S.D.N.Y. 2015)(citing *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995). Plaintiff submits this Motion is properly stated pursuant to Fed. Rules of Civ. Pro. 59(e) to correct a clear error of law or prevent manifest injustice regarding: (i) Plaintiff's claim regarding conversion of the "royalties" due for the Konglather Masters; (ii) Plaintiff's claim for an accounting for profits by co-owners regarding the Konglather Compositions; (iii) Plaintiff's claim of ownership in the Sampled Works, as defined *infra*, that sampled the Konglather Compositions, as more fully delineated below.

       Finally, this Court should convert the Motion to Dismiss into a Motion for Summary Judgment as matters outside of the pleadings were considered in connection with the Motion to Dismiss and there are clear issues of issues of fact presented by the MTD and Opposition thereto.

Alternatively, this Court should dismiss **without prejudice** Plaintiff's claims for (i) conversion of the royalties for the Konglather Masters (ii) accounting for profits for the Konglather Compositions; and (iii) ownership of the Sampled Works as derivative of the Konglather Compositions.

## ANALYSIS

### I. PLAINTIFF'S CLAIM FOR CONVERSION OF THE KONGLATHER MASTER ROYALTIES IS PROPERLY STATED

Plaintiff asks this Court to reconsider its ruling on his claim for conversion of the "royalties" for the Konglather Masters that were paid by Rhino Entertainment to Defendants. Plaintiff notes that Judge Alison J. Nathan in *Mark Andrews, et al v. 27 Red Music Publishing, LLC, et al,* 15-cv-7544 ruled in her Memorandum Opinion and Order dated January 15, 2019 at page 6 that "[t]he summary of accounting provided by EMI shows that the funds Plaintiffs alleged were converted are specifically identifiable payments that were each linked to a certain recording artist for a certain period of time. Accordingly, they may be the basis for a money conversion claim under New York Law." Likewise, here the Rhino royalties are properly asserted in connection with Plaintiff's conversion claim.

This Court acknowledged that Plaintiff stated a claim for a sum certain i.e., $149, 441.29. *See* Order on Motion to Dismiss [ECF# 83] (herein the "Order") at page 12. Indeed, Plaintiff claims that the entire amount of royalties due from Rhino were converted by Defendants. Plaintiff has alleged that he is the sole owner of Konglather Music[1] and is singularly entitled to collect all of those royalties. Contrary to this Court's conclusion, as such Plaintiff does claim ownership to a

---

[1] "Plaintiff William R. Underwood is a citizen of the State of New Jersey and the sole owner of Konglather Music (herein "Plaintiff")." Amd. Compl. at ¶ 7.

specific, identifiable, segregated sum of money, i.e., **all of the Rhino royalties**, $149,441.60. **See**
*Double Alpha, Inc*. at 4; see also *Manufacturers Hanover Trust Co. v. Chemical Bank*, 559
N.Y.S.2d 704, 712 (1st Dep't 1990) ("Money, specifically identifiable and segregated, can be the
subject of a conversion action.") Order [ECF# 83] at page 12. The Rhino royalties are specifically
identifiable and segregated.

Indeed, Plaintiff has alleged that the Carter Defendants and Arrington relinquished
ownership of Konglather Music Inc. in 1984 and that the 2003 Settlement Agreement voided all
agreements between Defendants Arrington, C. Carter, Hankerson and Parker and Plaintiff, as
Konglather artists. Likewise, indicating that they are not entitled to artist royalties under the
Konglather Artist Agreement. **See** Amended Complaint [ECF#38] filed on May 9, 2018 (herein "Amd.
Compl.") at ¶¶ 35& 50; <u>Underwood Dec</u>. at ¶¶ 23-27, Opposition MTD p. 14. Therefore, no
demand was necessary, as Plaintiff has alleged that the Carter Defendants and Lastrada were not
lawfully in possession of the royalties due Plaintiff from Rhino. Further, Defendant Lastrada is
liable to Plaintiff for all amounts it received from Rhino. Opposition MTD p. 14-15.

## II. PLAINTIFF'S CLAIM FOR AN ACCOUNTING REGARDING THE KONGLATHER COMPOSITIONS IS PROPERLY STATED

The Second Circuit has clearly communicated in *Davis v. Blige*, 505 F.3d 90, 98 (2nd Cir
2007) that co-owners have a right of an accounting **without regard to any fiduciary duty**. There
is a **clear** disparity among the district court cases and the Second Circuit regarding the need to
allege a fiduciary relationship between co-owners of copyright in an accounting case. This is
acknowledged by defense counsel in his Memorandum of Law. [ECF# 72] at page 11, FN 5.
Adopting this Court's reasoning co-owners of copyright would have no ready unless they had a
fiduciary relationship with their co-owners – this leaves co-owners with no remedy under New
York law!! This cannot be the intended result.

As noted here, Plaintiff made a demand for an accounting. Demand was in fact made on Defendant Lastrada by letter dated July 17, 2015. *See* Underwood Dec. at ¶ 38. Further, Plaintiff has sufficiently alleged that there is no adequate legal remedy that can be provided in place of an accounting.[2]  If this Court is not willing to allow amendment of the Complaint to include the demand, this Court should dismiss Plaintiff's accounting claim ***without*** prejudice.[3]

## III.  PLAINTIFF HAS STATED A VALID CLAIM FOR COPYRIGHT OWNERSHIP OF "TIMBER," "LOYAL" & "GET YOUR NUMBER"

Defendants fail to acknowledge that independent of Plaintiff's claims for conversion and constructive trust that were dismissed by the Court, Plaintiff seeks declaratory relief that he is the owner of a pro-rata interest in *"Timber," "Loyal,"* and *"Get Your Number."* Amd. Compl. at p. 10, ¶ E.  Plaintiff has pled facts sufficient to establish a copyright ownership claim concerning *"Timber," "Loyal," and "Get Your Number."* Plaintiff's ownership claim is based upon a theory that Defendants claimed his ownership interest when they cleared the samples for the musical compositions *"Timber," "Loyal*," and "*Get Your Number*.  Plaintiff made plausible allegations in the Amended Complaint that Defendant Lastrada (i) cleared samples for the musical compositions *"Timber," "Loyal*," and "*Get Your Number*," (ii) and are claiming Plaintiff's ownership shares for themselves (***See*** Amd. Compl. at ¶ 54);  and (iii) that the Sampled Works are "derivative works" of the Konglather Compositions *"Weak At The Knees*" and *"Money Ain't A Thang*" (herein the "Sampled Works").  Amd. Compl. at ¶¶ 25-28. Opposition MTD p. 13.

Plaintiff has alleged that as a co-owner of Konglather Compositions Plaintiff, is entitled to a pro-rata share of any ownership, license fees and royalty payments due from the Sampled Works.

---

[2] If a co-owner of copyright always had to prove a fiduciary relationship to recover royalties wrongfully collected by a co-owner or author, they would be left with no remedy.

[3] If indeed venue is not proper, or waived (as here waived by Lastrada), these claims could be filed in another jurisdiction.

On a motion to dismiss, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998).

## IV.     DISCOVERY IS NECESSARY & THE MOTION SHOULD BE CONVERTED

As noted in Plaintiff's Opposition, the Motion to Dismiss considers matters outside of the pleadings,[4] should be converted to a Motion for Summary Judgment and decided by this Court after Discovery is complete. Accepting all facts alleged by Plaintiffs as true,  and of all reasonable inferences being drawn in Plaintiff's favor, Plaintiff has alleged a "plausible" prima facie case against Defendants including his allegations that he is the sole owner of Konglather Music, he is a co-owner of the Sampled Works, all prior agreements between the parties are void, and he made a demand on Defendants. Thus, Plaintiff should be allowed to complete discovery to respond to Defendants Motion. *See Rovello v. Orofino Realty Co.,* 40 N.Y.2d 633, 634, 389 N.Y.S.2d 314, 357 N.E.2d 970 (1976).

DATED:  March 13, 2019

Respectfully submitted,
**LITA ROSARIO, PLLC**
*Lita Rosario*
Lita Rosario, Esq.
1100 H Street, N.W., Suite 315
Washington, D.C. 20005
202-628-4759
lita.rosario@wyzgirl.com

---

[4] The Affidavits of the parties, the prior agreements between the parties, and the demand letters are all matters outside of the pleadings.   In addition, this Court references in Footnote 2 to the Order that: "Defendants dispute that Plaintiff did not receive and deposit payments related to his royalty income. *See* Levenson Decl. ¶¶ 10-11, Exs. 7-8 (showing a payment of $26,152.53 made to Plaintiff in March of 2018, representing a 35% share of royalties payable by Rhino. Defendant Lastrada Entertainment also subpoenaed two royalty payors who confirmed that Plaintiff and/or his daughter were receiving regular royalty payments. *Id.* ¶¶ 12-14." These are disputed questions of facts. There are many more than *two* sources for payment of royalties!

# CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: March 13, 2019

By: ___/s/ Lita Rosario_____

Lita Rosario, Esq.

## SERVICE LIST

Brian S. Levenson, Esq.
Schwartz, Ponterio & Levenson PLLC
134 West 29th Street, Suite 1006
New York, NY 10001
P (212) 714-1200
F (212) 714-1264
blevenson@splaw.us
*Counsel for Lastrada Entertainment Company, LTD*

Roger Parker
1565 West 2nd Street
Dayton, Ohio 45402