```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
WILLIAM R. UNDERWOOD,                     :
                                          :    16cv9058 (DLC)
                    Plaintiff,            :
                                          :         ORDER
          -v-                             :
                                          :
LASTRADA ENTERTAINMENT COMPANY, LTD.,     :
STEVE ARRINGTON, SAM CARTER, CHARLES      :
CARTER, WAUNG HANKERSON, and ROGER        :
PARKER,                                   :
                                          :
                    Defendants.           :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

On March 4, 2021, Defendants Lastrada Entertainment Company, Charles Carter, and Sam Carter ("Defendants") filed on ECF a request to file certain documents produced by non-party Warner Music Group under seal in conjunction with a forthcoming motion for summary judgment. In their request, Defendants noted that the Warner Music Group documents were designated "Confidential" under the protective order in this action. Defendants also submitted the request to these Chambers via email.

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the

particular process." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 141 (2d Cir. 2016). See also Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that this presumption of public access applies to "summary judgment motions and documents relied upon in adjudicating them." Newsday LLC v. County of Nassau, 730 F.3d 156, 164 (2d Cir. 2013) (citation omitted). The First Amendment "requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." Bernstein, 814 F.3d at 141 (citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Newsday, 730 F.3d at 165 (citation omitted). Accordingly, when making requests to redact or seal material, a party must include in a publicly filed letter any proposed findings that support the request. A document may not be sealed or redacted simply because it contains material that is captured by a confidentiality agreement, although that may be a relevant fact to mention in the application.

Additionally, any request to seal or redact a filing must be made in a manner that complies with the Southern District of

2

New York's ECF Rules and Instructions, section 6, as well as this Court's Individual Practices in Civil Cases, section 8. Where a party seeks permission to file a document under seal, the proposed sealed document must be contemporaneously filed under seal on ECF and electronically related to the motion to seal. Accordingly, it is hereby

ORDERED that Defendants shall re-submit their request to file the Warner Music Group documents under seal. The request shall be made in a manner that is compliant with the Southern District of New York ECF Rules and Instructions and this Court's Individual Practices. The request shall also include proposed findings that support the request.

SO ORDERED:

Dated:   New York, New York
         March 4, 2021

_____
DENISE COTE
United States District Judge