UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                          :
WILLIAM R. UNDERWOOD,                     :
                                          :
                       Plaintiff,         :          16cv9058 (DLC)
                                          :
              -v-                         :          MEMORANDUM OPINION
                                          :          AND ORDER
LASTRADA ENTERTAINMENT COMPANY, LTD.,     :
STEVE ARRINGTON, SAM CARTER, CHARLES      :
CARTER, WAUNG HANKERSON, and ROGER        :
PARKER,                                   :
                                          :
                       Defendants.        :
                                          :
---------------------------------------- X

APPEARANCES:

For plaintiff William R. Underwood:
Lita Teresa Rosario
Lita Rosario, PLLC
529 14th St NW
Suite 952
Washington, DC 20045

For defendants Lastrada Entertainment Company, Ltd.,
Sam Carter, and Charles Carter:
Brian Seth Levenson
Schwartz & Ponterio, PLLC
134 West 29th Street
New York, NY 10128

DENISE COTE, District Judge:

      Defendant Lastrada Entertainment Company, Ltd. ("Lastrada")

has moved to recover certain attorneys' fees and costs it

incurred after plaintiff William Underwood rejected an offer of

judgment made pursuant to Rule 68, Fed. R. Civ. P.  For the

following reasons, the motion is granted.

## Background

A comprehensive history of this litigation is set forth in
two prior Opinions of this Court and an Opinion of the Honorable
Deborah Batts, to whom this case was assigned before her death.
Underwood v. Lastrada Entertainment Co., Ltd. ("Underwood I"),
No. 16cv9058(DAB), 2019 WL 12239655 (S.D.N.Y. Feb. 5, 2019);
Underwood v. Lastrada Entertainment Co., Ltd. ("Underwood II"),
No. 16cv9058(DLC), 2020 WL 3640532 (S.D.N.Y. July 6, 2020);
Underwood v. Lastrada Entertainment Co., Ltd. ("Underwood III"),
No. 16cv9058(DLC), 2021 WL 4084669 (S.D.N.Y. Sept. 8, 2021).
Familiarity with these prior opinions is presumed.

Underwood's claims in this litigation included a claim for
a declaratory judgment that he was a co-owner of certain musical
compositions.  On July 2, 2018, Lastrada made, pursuant to Fed.
R. Civ. P. 68, an offer of judgment to Underwood of $10,000.
Underwood rejected that offer of judgment by failing to accept
it within fourteen days.

The defendants then moved to dismiss Underwood's complaint
in its entirety, and in Underwood I, Judge Batts granted the
motion to dismiss.  Underwood moved for reconsideration, and
while the motion for reconsideration was pending, Judge Batts
passed away and the case was reassigned to this Court.  The
motion for reconsideration was granted, but in Underwood II,

2

this Court again dismissed most of Underwood's claims,

including, as relevant here, his claim for a declaratory

judgment regarding the ownership of certain copyrights.  A

single claim for conversion of certain musical royalties

remained, but in Underwood III, this Court granted summary

judgment to the defendants on that sole remaining claim.

On September 22, 2021, shortly after Underwood III was

issued, defendant Lastrada moved pursuant to Fed. R. Civ. P. 68

for its attorneys' fees and costs.  The motion for attorneys'

fees and costs became fully submitted on October 26, 2021.

## Discussion

Rule 68 entitles "a party defending against a claim" to

"serve on an opposing party an offer to allow judgment on

specified terms."  Fed. R. Civ. P. 68(a).  If the offeree

rejects the offer of judgment -- or declines to accept it within

fourteen days -- "the offeree must pay the [offeror's] costs

incurred after the offer was made" if "the judgment that the

offeree finally obtains is not more favorable than the

unaccepted offer."  Fed. R. Civ. P. 68(d).  "A copyright

defendant is entitled to seek an award of costs, including

attorney's fees, incurred following a Rule 68 offer where the

plaintiff's recovery fails to exceed the offer."  Mango v.

Democracy Now! Prods., Inc., No. 18cv10588(DLC), 2019 WL

3325842, at *4 (S.D.N.Y. July 24, 2019).

Lastrada has requested $28,482.77 in attorneys' fees and

costs incurred in the period between July 2, 2018, the date on

which Lastrada tendered its Rule 68 offer, and July 6, 2020, the

date on which this Court issued its Underwood II opinion

dismissing Underwood's copyright ownership claim.[1]  It is

entitled to this sum.  Lastrada made an offer of $10,000 to

resolve Underwood's claims against it, including his copyright

claim, and because Underwood's copyright claim was dismissed in

Underwood II, his recovery necessarily failed to exceed $10,000.

Underwood is therefore liable for Lastrada's costs.

Underwood contends that Lastrada should not be awarded

costs and fees because Lastrada is only entitled to costs and

fees under Rule 68 if it is also entitled to fees under the

Copyright Act, 17 U.S.C. § 505, and that fees should not be

awarded under that provision because Underwood brought

objectively reasonable copyright claims in good faith.  See

Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1985

(2016) ("[S]everal nonexclusive factors . . . inform a court's

---

[1] Lastrada's initial submission requested $32,337.01 in fees and
costs, but in its reply submission, Lastrada reduced its request
to $28,482.77 in response to certain arguments made in
Underwood's submission in opposition to Lastrada's request.

fee-shifting decisions [under the Copyright Act]: frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence.") (citation omitted).  The factors relevant to fee motions under the Copyright Act are irrelevant here.  Lastrada seeks fees pursuant to Rule 68, not the fee-shifting provision of the Copyright Act.  Under Rule 68, courts do not look to an offeree's motives: if an offeree rejects a Rule 68 offer and recovers a sum less than the offer, it is obligated to pay.

Underwood also contends that Lastrada's request for costs and fees should be reduced because it encompassed certain costs and fees not attributable to the litigation of Underwood's copyright claim.  Lastrada withdrew its request for certain expenses in response to Underwood's submission -- reducing its request from $32,337.01 to $28,482.77 -- and Underwood has not demonstrated a reason to reduce the award further.  Finally, Underwood suggests that Lastrada's legal fees should be reduced by two-thirds because Lastrada's counsel represented both Lastrada and two individual defendants in this action.  But Lastrada's counsel has submitted contemporaneous time records indicating that all of its requested legal fees were billed to Lastrada, and there is no reason to reduce Lastrada's

compensatory recovery simply because Lastrada shared counsel

with co-defendants.

## Conclusion

Lastrada is awarded $28,482.77 from Underwood.   The Clerk

of Court is directed to enter judgment and close this case.


Dated:      New York, New York
            November 3, 2021


                                    _____
                                       DENISE COTE
                                    United States District Judge

6